FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 28 2021

MITCHELL R. ELFERS
CLERK /mn

Michael A Valencia #86348
**Full Name/Prisoner Number**

Lea County Correctional facility,
6900 West Millen Hobbs, New Mexico 88244
**Complete Mailing Address**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 21 cv 393 WJ/GJF
(To be supplied by the Court)

Michael A Valencia #86348 , Plaintiff(s),
Full name(s) and prisoner number(s)
(Do not use *et al.*)

v.

_____ , Defendant(s).

(Do not use *et al.*)

## PRISONER'S CIVIL RIGHTS COMPLAINT

### A. PARTIES AND JURISDICTION

1. Michael A. Valencia is a citizen of New Mexico who
   (Plaintiff)                           (State)
presently resides at Lea County Correctional facility 6900 West Millen
(mailing address or place of confinement) Hobbs N.M 88244

2. Defendant CIBOLA County Police Department is a citizen of New Mexico
   Grants Police (name of first defendant) Department                (State)
whose address is PO BOX 637 700 E Roosevelt Ste 30 Grants NM 87020
and who is employed as Grants Police Department. At the time the claim(s)
                    (title and place of employment)
                    Cibola County

alleged in this complaint arose, was this defendant acting under color of state law?
Yes ✓ No. If your answer is "Yes," briefly explain: I was never read my Meranda rights before or after arrest or interview a

3. Defendant **Grants Police Department** is a citizen of **New Mexico**
(name of second defendant)                                    (State)

whose address is **105 E Roosevelt Grants NM 87020**

and who is employed as **Grants Police Department** At the time the claim(s)
(title and place of employment)

alleged in this complaint arose, was this defendant acting under color of state law?
___ Yes  ✓ No.  If your answer is "Yes," briefly explain:

**I was never read my Miranda Rights before of after arrest,**

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

(CHECK ONE OR BOTH:)
_____ Jurisdiction is asserted pursuant to 42 U.S.C. § 1983 (for state defendants) or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (for federal defendants).
_____ Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

## B. NATURE OF THE CASE

**BRIEFLY** state the background of your case. **I was tased none stop before they said I confesed to a murder also Hand cuffed me to a metal bench for 3 hrs until my Hand turned purple when I complyed with every thing they wanted me to do at police Department**

## C. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I: **I was never read my "Meranda" rights at any time of my arrest or confession nor do they have proof they ever did, in fact they told me they only do that in the movies**

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

Officer M. Martinez was the one who arrested and tazed me 8 times. Sargent White was the one who intergated me and had me handcaffe to a metal table until my hand turned blue from being to tight.

Claim II: _____

_____

_____

Supporting Facts:

**Claim III:** _____
_____
_____

Supporting Facts:

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? ____ Yes __✓__ No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a. Parties to previous lawsuit:

      Plaintiff(s): _____

      Defendant(s): _____

   b. Name and location of court and docket number _____

   c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)
   _____

   d. Issues raised: _____

   e. Approximate date of filing lawsuit: _____

   f. Approximate date of disposition: _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D. ____ Yes __✓__ No.

If your answer is "Yes," briefly describe how relief was sought and the results.

3. I have exhausted available administrative remedies. ____ Yes __✓__ No. If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion. If your answer is "No," briefly explain why administrative remedies were not exhausted.

4

## E. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

a. Parties to previous lawsuit:

   Plaintiff(s): _____

   Defendant(s): _____

b. Name and location of court and docket number _____

c. Grounds for dismissal: ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit: _____

e. Approximate date of disposition: _____

2. Are you in imminent danger of serious physical injury? ✓ Yes ___ No. If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

Being exsposed to Covid-19 along with other contasous viruses I cought Covid and still have Breathing problems

## G. REQUEST FOR RELIEF

I request the following relief: releasd from prison and retropution for Lost working wages and mental anguish

Prisoner's Original Signature

*Michael A Valverde*

LCCF 6900 West Millen

Hobbs New Mexico 88244

Original signature of attorney (if any)

_____

_____

Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  LCCF 6900 west millin Hobbs New Mexico 88244  on  4/1/2921 .
(location)                                                                                                (date)

*Michael A Valverde*
Prisoner's Original Signature

6

# Grants Police Department

105 E Roosevelt, Grants, NM 87020

## Supplemental Narrative Report

| Report Date | Type of Incident | | Complaint No. | Case Status |
|---|---|---|---|---|
| 06/03/2017 1033 | MURDER (OPEN COUNT) | | 2017-0831 | ACTIVE |

| Supplemental Narrative Sequence No. | | 0008 | | |
|---|---|---|---|---|
| Date / Time | Officer ID / Name | | Description | |
| 06/12/2017 1219 | 209  Det. Cpl. C. White | | SECOND | |

**Supplemental Narrative**

On June 3, 2017 at around 1100 hours, I Det. Cpl. White the Grants Police Department was called for service inference to a homicide that occurred at 1104 Del Norte Street in Grants New Mexico 87020. I arrived at location and briefed with first responding officer, Grants Police Officer Maurice Martinez.

### Statement of Officer Maurice Martinez

Officer Martinez stated he was dispatched to above address to conduct a welfare check on the tenant there, Michael Hanh DOB: 1969. According to Officer Martinez a female caller, Alexandra Villa DOB: 1987 was concerned for her friend, Mr. Hanh's safety; because another male subject she named Michael Valencia DOB: 1980 was there. Ms. Villa stated to Officer Martinez that she walked over to Mr. Hahn's residence and observed Mr. Valencia there. Ms. Villa asked Mr. Valencia if Mr. Hahn was ok and he told her "you're not going to want to see him the way he is right now". Ms. Villa stated that as she was opening the front door, she saw a body lying on the kitchen floor with the feet pointing upwards. Ms. Villa became scared and quickly left the residence. Ms. Villa called for a police officer to conduct a welfare check on Mr. Hahn.

Officer Martinez stated that he was dispatched to above location at 10:37 and arrived around 10:42 pm. Officer Martinez stated he approached the residence and knocked on the front door. Officer Martinez advised a male subject stated "who the fuck is it". Officer Martinez announced "Grants Police Department", the male subject stated "go away I have a fucking gun". Officer Martinez asked the male subject to open the door. The male refused to open the door. Officer Martinez repeatedly asked the male subject to open door. Eventually the male subject swung the door open. Officer Martinez stated he observed the male subject holding a hunting rifle. Officer Martinez demanded the male subject to drop the rifle. Officer Martinez's stated the male subject ignored his commands. During this time, Officer Martinez stated the male subject "Yeah, I killed that motherfucker. He deserved to die, he was a child molester. I'll go to prison for murdering him." Officer Martinez stated these statements were not verbatim, but it was something to that effect.

Officer Martinez stated the male subject threw the rifle on the floor when Officer Daniel Martinez arrived. Officers Martinez and Daniel Martinez followed the male subject inside the residence. Officer Martinez stated while engaged with the male subject he noticed a subject on the kitchen

| Officer | 209 Det. Cpl. C. White | | Approving Officer | |
|---|---|---|---|---|
| | | / / | | / / |

# Grants Police Department

105 E Roosevelt, Grants, NM 87020

## Supplemental Narrative Report

| Report Date | Type of Incident | Complaint No. | Case Status |
|---|---|---|---|
| 06/03/2017 1033 | MURDER (OPEN COUNT) | 2017-0831 | ACTIVE |

floor. Officer Martinez went to check on the subject. Officer Martinez stated it was obvious that the subject was dead because, he didn't see any signs of movement of the body.
The subject was later identified as Michael Scott Hahn.

Officer Martinez stated Mr. Hahn was wrapped in a blanket and appeared as if he was being dragged towards the back door to outside. Officer Martinez also advised Mr. Hahn's hands and arms were covered in blood.

Officer Martinez advised after viewing Mr. Hahn's body he focused his attention on the subject. Officer Martinez advised the male subject was Taser several times before complying with their commands.

### Observation

I entered the crime scene, which was logged by Cibola County Sheriff Deputy James McCowen. I approached the front porch and observed shoe impression on the wooden stairwell. The shoe impression was covered in what appeared to be blood. Next to the inside door handle, I observed what appeared to be a blood swipe just below the door handle. I enter the residence and further observed more shoe impression that were covered in what appeared to be blood. The living room appeared in disarray. I observed furniture turned over in the living room area. I observed what appeared to be a pool of blood on the brown carpet in the living room. In the kitchen area, I observed the victim lying on the floor. The victim was lying on his back with his feet pointing upward. Half of the victim's body was warped in a blanket. To not further contaminating the crime scene, I did not approach the victim. I walked out of residence and interviewed Grants Fire and rescue Sergeant Mike Maes.

### Interview with Grants Fire and Rescue Mike Maes

According to Sgt. Maes, Officer Martinez and he entered the residence to render aid to the victim. Sgt. Maes stated he removed the blanket from over the victim's body in order to render aid. Sgt. Maes stated he observed what appeared to be knife wounds on both side of victim's neck. Sgt. Maes also stated the victim appeared to have a knife wound in the middle of his chest, the left side of his shoulder and on the right side of victim's head. Sgt. Maes stated he was unable to render aid to victim, due to loss of a larger amount of blood.

### Michael Valencia

I left the crime scene to obtain a search warrant for the residence. New Mexico State Police was called for assistant to process crime scene, pending a search warrant. At the police department I

| Officer | 209 Det. Cpl. C. White | / / | Approving Officer | / / |
|---|---|---|---|---|

Page 2 of 7          Printed 06/21/2017 0959



In The MAGISTRATE COURT
COUNTY OF CIBOLA
STATE OF NEW MEXICO

STATE OF NEW MEXICO,
    Plaintiff,

vs.

**MICHAEL VALENCIA,**
**DOB:** 12-29-1980
**SSN:** 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
**ADD:** 194 Chinook
       Las Cruces, NM 88007



NO: M-61-FR-201700130
DA: CL 17 0375

## STATEMENT OF PROBABLE CAUSE

Affiant has prepared this Statement based upon his personal observations/knowledge, the reports of Grants Police Department officers Maurice Martinez and Daniel Martinez, Grants Fire Department Sgt. Mike Maes, the statements of Ms. Alexandra Villa, official Probation and Parole records from the State of Texas, and admissions against interest made by the Defendant, Michael A. Valencia.

On Saturday, June, 3, 2017, Officer Maurice Martinez of the Grants Police Department was on duty, in full uniform, and driving a marked police vehicle. At approximately 10:37 am, he was dispatched to 1104 Del Norte Blvd. in Grants, Cibola County, New Mexico, in reference to a requested welfare check call by Ms. Alexandra Villa concerning her neighbor Michael Hahn of the aforesaid address. Ms. Villa was concerned about the welfare of Mr. Hahn due to the presence in his home of the Defendant Michael A. Valencia. She was concerned due to recent statements made by Valencia and actions of his which she observed. She had been unable to contact Mr. Hahn since early that morning.

Ms. Villa went to 1104 Del Norte Blvd. and encountered the Defendant, Michael A. Valencia who said to her, after she entered the residence, "don't look that way, you're not going to like what you see". Ms. Villa observed Mr. Hahn lying on the kitchen floor partially covered with a blanket. He was not moving. There was blood on the blanket and floor. The home was in serious disarray. She ran to a neighbor's house and called 911.

Officer Maurice Martinez came on scene at approximately 10:42 am. Ms Villa has hysterical and waved him down. She directed him to the Michael Hahn residence. Officer Maurice Martinez knocked on the front door and heard a male subject (later identified as the Defendant Michael A. Valencia) say, "Who the fuck is it? Go away! I have a fucking gun". Officer Maurice Martinez yelled Grants Police Department and drew his service weapon. He knocked again and demanded entry. The Defendant repeated he had a gun and told Officer Maurice Martinez to go away. Officer Maurice Martinez pounded on the door and it suddenly flung open. He saw the Defendant holding a rifle butt down on the floor by the neck of its barrel. Officer Maurice Martinez yelled at Defendant to drop the gun. He refused and began pacing back and forth. Officer Maurice Martinez then saw the body of decedent Michael Hahn lying on the kitchen floor not moving.

Defendant then yelled at Officer Maurice Martinez words to this effect, Yeah, I killed the motherfucker. I'll go back to prison for murder. He was a child molester. He deserved to die. Michael Hahn had no known criminal record for child molesting or sexual offenses.

Officer Daniel Martinez of the Grants Police Department arrived on scene to assist Officer Maurice Martinez. Officer Daniel Martinez drew his Taser and the Defendant dropped the rifle on the floor. Defendant refused to obey numerous verbal commands. Officer Maurice Martinez entered the kitchen and observed Michael Hahn lying on his back with his feet pointing upward wrapped in a blood saoked blanket. Officer Maurice Martinez saw bloody drag marks indicating an attempt to move Michael Hahn's body out of the residence. Michael Hahn was unresponsive and not breathing. His body had significant amounts of blood on his hands, arms, face and chest.

Officer Maurice Martinez went back into the living room and drew his Taser. Defendant refused to comply with any instructions and both officers deployed their Tasers. Defendant was tased multiple times and still physically resisted the officers. He broke free from the grasp of Officer Maurice Martinez. He threw a book case at Officer Maurice Martinez which struck him in the lower leg. Eventually the Defendant was subdued and handcuffed.

Officer Maurice Martinez observed significant apparent blood stains on the clothing and shoes of Defendant. There was fresh blood on the living room carpet. Michael Hahn's body had what appeared to be several puncture wounds inflicted by a knife or other sharp object. Stab wounds were seen on the neck, head, chest, shoulder, and arms of Michael Hahn. Michael Hahn was deceased at the scene. Grants Fire Department Sgt. EMT Mike Maes concluded that no emergency aid was able to be rendered. It appeared Michael Hahn had died of massive blood loss. There were no other persons present in the residence when Officer Maurice Martinez arrived, except for the Defendant Michael A. Valencia and the body of Michael Hahn.

Pursuant to a Search Warrant for the residence, multiple knives and other sharp objects were recovered by the New Mexico State Police Crime Scene Unit. Several of those items appeared to have blood on them. The rifle located at the scene was also taken into evidence.

A check of criminal records revealed that the Defendant Michael A. Valencia has a felony conviction for Aggravated Assault from the State of Texas dating from 2008. It appears the Defendant is still on Probation or Parole from the State of Texas until August 2021.

While being processed for booking, a wallet with a chain attached to the Defendant's pants was recovered and examined. Said wallet was covered with blood. Inside the wallet belonging to Michael Hahn was the Driver's License of Michael Hahn. Defendant made an unsolicited remark to Officer Maurice Martinez while being processed that Michael Hahn owed him $500,000 and he had to get it back.

**I SWEAR OR AFFIRM UNDER THE PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.**

Corey White #209
Detective Corporal
Grants Police Department

## Grants Police Department

105 E Roosevelt, Grants, NM 87020

## Arrest Report

**Report Date**
06/03/2017 1033

| | Alien Req. | Type | Issued By | Exp. Date |
|---|---|---|---|---|

### Vehicle Information

| License | State | Type | Exp. Year | Exp. Month | Renewal Tag # | VIN | | |
|---|---|---|---|---|---|---|---|---|
| Year | Make | | Model | Style | Color Top | Color Bottom | | |

### Employment

| Company Name | | Job Title | | Schedule | | | | |
|---|---|---|---|---|---|---|---|---|
| Street | | | City | State | Zip Code | Phone No. | Ext | |

### Emergency Contact

| Emergency Contact Name | Relationship | Address | | Phone No. |
|---|---|---|---|---|

### Charge Information

| Charge | | | State Statute | State Charge Code | | Category | |
|---|---|---|---|---|---|---|---|
| Cause Number | Local Code | Jurisdiction | | Type/Class | Bond Type | | Bond Amount |
| MURDER (OPEN COUNT) | | | 30-2-1 | | | **FELONY** | |
| | | | STATE JURISDICTION | FELONY | NO BOND | | $0.00 |
| RESISTING, EVADING OR OBSTRUCTING AN OFFICER | | | 30-22-1 | | | | |
| | | | STATE JURISDICTION | MISD | CASH | | $1,000.00 |

### Arrest Information

| Arrest Date / Time | Arresting Officer ID - Name | Booking Date / Time | Booking Officer ID - Name | Booking Number |
|---|---|---|---|---|
| 06/03/2017 1045 | 216 - Ofc. M. Martinez | 06/03/2017 1140 | 216 - Ofc. M. Martinez | |

### Alerts

| Caution | Under Watch | Reason for Watch | Under Medication | Type of Medication |
|---|---|---|---|---|
| | ☐ | | ☐ | |

### Arrest Location

| Street | | | City | State | Zip Code | County |
|---|---|---|---|---|---|---|
| 1104 DEL NORTE BLVD | | | GRANTS | NM | 87020 | CIBOLA |
| Sector | Precinct | Geo | Ward | Primary Location | | Secondary Location |
| FELONY | | | | | | |

### Miranda

| First Miranda | Date / Time | Officer ID - Name | Second Miranda | Date / Time | Officer ID - Name |
|---|---|---|---|---|---|
| ☐ | | | ☐ | | |
| | Location | | | Location | |

| Fingerprints | Transported |
|---|---|

| Reporting Officer | 216 Ofc. M. Martinez | Approving Officer ( I ) |
|---|---|---|

| Approving Officer ( II ) | |
|---|---|

Page 2 of 3       Printed 06/05/2017 1035

© 1994 - 2016, Information Technologies, Inc http://www.itiusa.com

# Grants Police Department

105 E Roosevelt, Grants, NM 87020

## Arrest Report

**Report Date**
06/03/2017 1033

| State / NCIC Search ☐ | Fingerprint Class | DNA Swab Taken ☐ | Transported By | Transported To |
|---|---|---|---|---|

**Attorney Information**

| Public Defender ☐ | Name | Address | | Phone No. |
|---|---|---|---|---|

**Release Information**

| Released ☐ | Date / Time | Releasing Officer ID - Name | Released To | How Released | Surety Name |
|---|---|---|---|---|---|

**Property Information**                                                                                      Acknowledged Property Release ☐

| Quantity | Description | | Value | |
|---|---|---|---|---|
| Property Taken By | | Property Returned By | | Property Returned Date |
| 0 | NONE TAKEN BY OFFICER | | 0.00 | |

**Modus Operandi**

| Weapons Used | Ligature / Restraints | Communication Method | Ruse / Approach |
|---|---|---|---|

**Arrest Notes**

---

| Reporting Officer    216   Ofc. M. Martinez | Approving Officer ( I ) |
|---|---|
| Approving Officer ( II ) | |

Page 3 of 3                                   Printed  06/05/2017 1035

© 1994 - 2016, Information Technologies, Inc. http://www.itipsa.com

## Grants Police Department

105 E Roosevelt, Grants, NM 87020

### Offense / Incident Report

| Report Date | Type of Incident | Complaint No. | Case Status |
|---|---|---|---|
| 06/03/2017 1033 | MURDER (OPEN COUNT) | 2017-0831 | ACTIVE |

At approximately 10:42am, I arrived on Del Norte. I was waved down by Ms. Villa who was hysterical and crying, pointing to a mobile home down the street. I asked Ms. Villa if she was the person who called and she nodded her head yes. The female stated "it's the house with the white car outside."

I parked my police vehicle and confirmed the residence was 1104 Del Norte. I exited and went to the front door. I knocked and a male subject on the other side responded "who the fuck is it?" I yelled out "Grants Police Department" and the male subject said "Go away! I have a fucking gun." I stepped back from the front door and drew my firearm from its holster. I knocked on the door again and demanded he open it or I was going to kick it open. The male subject again told me that he had a gun and to go away.

I began pounding on the door and suddenly, it flung open revealing a male subject standing inside holding a hunting rifle. The male subject was Hispanic and approximately 6'3 tall. The butt of the rifle was resting on the floor and the male subject was holding the neck of the barrel. I pointed my handgun at the male subject and began yelling at him to drop the gun. The male subject was pacing back and forth and refused to comply with my orders. At this time I could see someone lying on the kitchen floor. The male subject yelled out loud "Yeah I killed that motherfucker. I'll go back to prison for murder. He was a child molester, he deserves to die." I am unable to recall these statements verbatim, but the male subject did say something to that effect.

Officer Daniel Martinez (GPD) arrived on scene to assist. I instructed Officer Martinez to draw his Taser on the male subject and the male subject threw the rifle to the floor. The male subject retreated further inside the home so we followed him in. Officer Martinez continued to give the male subject verbal commands while I went toward the kitchen to check on Mr. Hahn.

I went to the kitchen and saw Mr. Hahn lying on his back with his feet pointing upwards. Mr. Hahn was wrapped in a blanket with the blanket covering his face. Where Mr. Hahn's face would be, I could see blood soaked through the blanket. There was bloody drag marks on the kitchen floor and it appeared as if Mr. Hahn was being dragged out of the home. I saw blood on Mr. Hahn's hands, arms, and the front of his shirt. Mr. Hahn was unresponsive and it was apparent that he was not breathing.

I went back into the living room with my Taser drawn and began yelling at the male subject to turn around. He refused to comply so I deployed my Taser on him striking him on the front of his body. The male subject sprung up and refused to turn around after the Taser cycle ended. I grabbed his arm and attempted to turn him around but he pulled away from my grasp. The male subject went toward another part of the living room and turned to face Officer Martinez and me.

| Reporting Officer 216 Ofc. M. Martinez | Approving Officer (Cover Pages Only) |
|---|---|

# Grants Police Department

105 E Roosevelt, Grants, NM 87020

## Offense / Incident Report

| Report Date | Type of Incident | Complaint No. | Case Status |
|---|---|---|---|
| 06/03/2017 1033 | MURDER (OPEN COUNT) | 2017-0831 | ACTIVE |

I reloaded another Taser cartridge and the male subject picked up a book case and threw it at me striking me on my right leg. I tried advancing toward the male subject but tripped over the book case. At this time a black Pitbull, which was inside the home, approached and tried to bite me. I fell to the floor and then fired my Taser again at the male subject. The loud pop from the Taser being deployed scared the Pitbull and it ran off toward a back bedroom. The Taser went through another 5 second cycle but had little effect on the male subject.

I withdrew my baton and began striking the male subject on his left leg. Officer Martinez deployed his Taser on the male subject and the male subject fell to the floor. Officer Martinez was able to get one of the male subject's hands cuffed and the male subject refused to place the other one behind his back. I picked up Officer Martinez's Taser which fell to the floor and delivered a 3 point Tase to the male subject. The male subject still refused to comply so I activated another cycle and the male subject placed his other hand behind his back.

The male subject was stood up and searched for weapons. During this time, I saw bright red blood on the carpet and on the male subject's boots he was wearing. The male subject was escorted outside and placed into Officer Martinez's police vehicle.

Officer Martinez and I went back into the home to conduct a secondary search. Once inside, Officer Martinez went right, toward the living room and confirmed there was nobody else inside. I went left toward the kitchen and lifted back the blanket which was covering Mr. Hahn's face. Once I removed the blanket I confirmed that it was in fact Michael Hahn who I recognized from previous encounters. Mr. Hahn's entire face was covered in blood, he was not moving nor was he breathing.
I had to step over Mr. Hahn's body and went further inside the residence. I confirmed there was nobody in the other two bedrooms and the bathroom as well. The Pitbull from earlier was inside one of the bedrooms so I shut the door trapping the dog inside.

Officer Martinez and I exited the home and went back outside. By now, Grants Fire Department (GFD) Sergeant Mike Maes arrived on scene. I asked if he could go inside to confirm Mr. Hahn was deceased and Sergeant Maes agreed. I escorted Sergeant Maes inside the home and led him to Mr. Hahn's body. I observed Sergeant Maes pull back the blanket and check for a pulse. Sergeant Maes advised he did not feel a pulse. I escorted Sergeant Maes back outside the home.

During this time, Deputy James McCowen from the Cibola County Sheriff's Office arrived and had set up crime scene tape around the front of the home. Deputy McCowen started and was keeping record of the crime scene log.

A few minutes later, Sergeant Moses Marquez of GPD arrived on scene. I briefed Sgt. Marquez of

| Reporting Officer | 216 Ofc. M. Martinez | Approving Officer |
|---|---|---|
| | | (Cover Pages Only) |

Page 4 of 5    Printed 06/05/2017 1135

© 1994 - 2016, Information Technologies, Inc. http://www.itiusa.com

# Grants Police Department

105 E. Roosevelt, Grants, NM 87020

## Offense / Incident Report

| Report Date | Type of Incident | Complaint No. | Case Status |
|---|---|---|---|
| 06/03/2017 1033 | MURDER (OPEN COUNT) | 2017-0831 | ACTIVE |

the situation and he requested we have medical personnel check on the male subject we had detained. The male subject was taken out of Officer Martinez's police vehicle and we conducted a Search Incident to Arrest (SIA) of his person. The male subject now identified himself as Michael Anthony Valencia. While conducting the SIA, I located a wallet with a chain attached to it. I do not recall which pants pocket I found it in but the other end of the chain was attached to one of the belt loops on Mr. Valencia's pants. I removed the wallet from Mr. Valencia's pocket and it was covered in blood. I opened the wallet and saw Mr. Hahn's driver's license inside.

Personnel from Grants Fire Rescue and Mt. Taylor Ambulance began asking Mr. Valencia their questions. I began taking photos of Mr. Valencia on my department issued camera. I took photos of the blood that was on Mr. Valencia's jeans, shirt and boots. Mr. Valencia refused any type of medical treatment and was placed back into Officer Martinez's police vehicle. Officer Martinez then transported Mr. Valencia to GPD for booking.

I remained on scene and briefed Lieutenant John Castaneda and Corporal Corey White who later arrived to assist. I remained at the scene for another hour and left back to GPD to complete the booking paperwork.

While at GPD, I assisted Corporal White in collecting Mr. Valencia's clothes and placing them into brown paper bags for evidence. While Mr. Valencia was changing, he kept remarking that Mr. Hahn owed him 500 thousand dollars and that he had to get it back.

Once all booking paperwork was completed, Mr. Valencia was transported to the Cibola County Detention Center by Officers Erik Galindo and Martinez.

End of Report

| Reporting Officer | 216 Ofc. M. Martinez | Approving Officer (Cover Pages Only) |
|---|---|---|

Page 5 of 5     Printed 06/05/2017 1135

© 1994 - 2016, Information Technologies, Inc. http://www.itiusa.com

# Grants Police Department

105 E Roosevelt, Grants, NM 87020

## Arrest Report

**Report Date** 06/03/2017 1033

| Arrest No. | State ID No. | Agency ORI | STN Number | | |
|---|---|---|---|---|---|
| 2017A0583 | | NM0330100 | 330100170580 | | |
| Complaint No. | CCH Record | Local ID No. | FBI No. | | |
| 2017-0831 | N | | | | |
| Hold Order ☐ | GPD Number 2017-163 | Department GRANTS PD | Arrest Classification INCARERATED | | |

### Arrestee

| Name (Last, First Middle Suffix) | Race | Sex | DOB | Age at Arrest | Age on 06/05/2017 | Juvenile | SSN | Moniker |
|---|---|---|---|---|---|---|---|---|
| VALENCIA, MICHEAL A | HISPANIC | M | 12/29/1980 | 36 | 36 | | 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 | |

### Addresses

| Type | Street Address | City | State | Zip Code | Country |
|---|---|---|---|---|---|
| | 194 CHINOOK | LAS CRUCES | NM | 878007 | USA |

### Phone Numbers

| Type | Phone | Ext/PIN |
|---|---|---|

### Email Addresses

| Type | Email Address |
|---|---|

### Aliases

| Last Name | First Name | Middle Name | Suffix | SSN | DOB |
|---|---|---|---|---|---|

| Drivers License | Type | State | Expires | Restrictions | Marital Status | Resident Status | Ethnicity | Language |
|---|---|---|---|---|---|---|---|---|
| 106281611 | DRIVERS | NM | 01/28/2021 | | | RESIDENT | | |

### Physical Description

| Height | Weight | Build | Skin Color | Complexion | Eyes | Type of Eyewear | Place of Birth | |
|---|---|---|---|---|---|---|---|---|
| 6'03 | 280 | STOCKY | BROWN | DARK BRO' | BROWN | | City | State |
| Hair | Hair Length | Hair Style | Beard | Mustache | Side Burns | Mannerisms | Country | |
| BLACK | SHORT | | | | | | | |

### Scars/Marks/Tattoos

| Scar / Mark / Tattoo | Code | Body Location | Short Description | Long Description |
|---|---|---|---|---|

### Clothing

| Item Type | Color | Markings |
|---|---|---|

### Education

| Read/Write ☐ | Institution | Last Grade Completed | Status |
|---|---|---|---|

### Identification Numbers

| Local PD # | Local SO # | State # | Military ID # | Branch | Rank |
|---|---|---|---|---|---|
| FBI # | NCIC # | DOC # | Passport ID # | Type | Issued By | Exp. Date |

| Reporting Officer | 216 Ofc. M. Martinez | Approving Officer ( I ) |
|---|---|---|

**Approving Officer ( II )**

Page 1 of 3        Printed 06/05/2017 1035

© 1994 - 2016, Information Technologies, Inc. http://www.itiusa.com

Michael A Valencia #863488
LCCF 6900 Miller
Hobbs, New Mexico 88244

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
APR 28 '21
MITCHELL R. ELFERS
CLERK

U.S. District Court
333 Lomas Blvd. NW, Ste 270
Albuquerque, NM 87102