IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. VALENCIA,

      Plaintiff,

vs.                                          No. CV 21-00393 WJ/GJF

CIBOLA COUNTY POLICE DEPARTMENT,
GRANTS POLICE DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Prisoner Civil Rights Complaint filed by Plaintiff Michael A. Valencia, on April 28, 2021. (Doc. 1). The Court dismisses this case without prejudice for failure to comply with statutes and Court Orders and failure to prosecute.

Plaintiff Michael A. Valencia filed this civil rights proceeding under 42 U.S.C. § 1983 on April 28, 2021. (Doc. 1). Plaintiff did not pay the $400.00 filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On April 30, 2021, the Court ordered Plaintiff to cure this deficiency within 30 days by either paying the $400.00 filing fee or submitting an application to proceed *in forma pauperis*. (Doc. 2). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 2 at 1). The Court also sent Plaintiff the forms for submitting an application under § 1915. (Doc. 2 at 2).

On May 24, 2021, Plaintiff Valencia submitted the form Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 3). However, Valencia did not submit the 6-

month inmate account statement required by 28 U.S.C. § 1915(b) and the form Application to Proceed.  Therefore, on May 25, 2021, the Court entered its Second Order to Cure Deficiency. (Doc. 4).  The Second Order to Cure Deficiency required Plaintiff Valencia to submit the § 1915(b) inmate account statement within 30 days after entry of the order. (Doc. 4 at 1).  The Second Order also advised Plaintiff that, if he did not timely submit the account statement, the case could be dismissed without further notice.  (Doc. 4 at 1).  Valencia submitted the 6-month inmate account statement on June 16, 2021.  (Doc. 5).

On July 22, 2021, the Court granted Plaintiff Valencia leave to proceed *in forma pauperis* under § 1915.  (Doc. 6).  Based on the information in his Application to Proceed (Doc. 3) and the account statement (Doc. 5), the Court directed Plaintiff Valencia to pay an initial partial payment of $23.57, or show cause why he should be relieved of the obligation to make the payment, within 30 days of entry of the Order. (Doc. 6 at 2).  The Court also notified Valencia that, if he did not make the initial partial payment or show cause within 30 days, the case could be dismissed without further notice.  (Doc. 6 at 1).

More than 30 days elapsed after entry of the July 22, 2021 Order, and Plaintiff Valencia did not pay the initial partial payment, show cause why he should be relieved of the obligation to make the payment, or otherwise respond to the Order.

When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> "The court **shall** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

28 U.S.C. § 1915(b)(1) (emphasis added).  Plaintiff's 6-month inmate account statement shows that Plaintiff had an account balance sufficient to pay the initial partial payment but spends his

money on commissary purchases. (Doc. 5).  *See Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947. 949 (10th Cir. 2001). Plaintiff Valencia has not paid the $23.57 initial partial payment or shown cause why he should be relieved of the obligation to pay.

The Court's July 22, 2021 Order directed Plaintiff Valencia to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused.  (Doc. 6).  Plaintiff Valencia has failed to make the initial partial payment and to comply with the Court's Order.  The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with statutes, the rules of civil procedure, or court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).  The Court will dismiss this case for Plaintiff's failure to comply with 28 U.S.C. § 1915(b), failure to comply with the Court's July 22, 2021 Order, and failure to prosecute this proceeding.

**IT IS ORDERED** that the Prisoner Civil Rights Complaint filed by Plaintiff Michael A. Valencia on April 28, 2021 (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with 28 U.S.C. §§ 1914 and 1915, failure to comply with the Court's July 22, 2021 Order, and failure to prosecute this case.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE